# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROBERT WHITE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EPAI PROTECTIVE )<br>SERVICES, LLC, and )<br>SHELTON MORELAND )<br>)<br>    Defendants. )<br>_____) | CIVIL ACTION NO.:<br><br><br>JURY TRIAL REQUESTED |

## COMPLAINT

NOW COMES Plaintiff, Robert White, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states the following as his Complaint in this matter:

**I.    JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, EPAI Protective Services, LLC (hereinafter "EPAI"), is a domestic Corporation organized and existing under the State laws of Georgia, with a principal place of business of 1611 1/2 White Way, Atlanta, Georgia 30344.

4.

Service of process for EPAI Protective Services, LLC can be effectuated through its registered agent Shelton Moreland, 1611 1/2 White Way, Atlanta, Georgia 30344.

5.

Based upon Plaintiff's information and belief, Defendant, Shelton Moreland, is a resident of Fulton County, Georgia.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.     PARTIES

7.

Plaintiff, Robert White, is an adult resident citizen of Fulton County, Georgia.

8.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding the Plaintiff within this District.

10.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

11.

Defendant, EPAI Protective Services, LLC, lists its principal office address as 1611 1/2 White Way, Atlanta, Georgia 30344.  Upon information and belief, Defendant is a domestic Corporation conducting business within the State of Georgia and within this district.

12.

Defendant describes its business as an international security solution, i.e. Security and bodyguard service.

13.

Shelton Moreland is an adult resident citizen of Fulton County, Georgia, and is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. §203(d), by making employment and compensation related decisions for the Plaintiff and other Defendants to this action.

14.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

15.

Upon information and belief, Defendants' gross sales are in excess of $500,000 per year.

16.

Defendants directed Plaintiff to individually engage in interstate commerce.

17.

Plaintiff as part of his job duties regularly engage in interstate commerce.

18.

Defendants are an employer within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III. FACTUAL ALLEGATIONS

19.

Mr. White began his employment with EPAI as a Security Guard in or around 2005, and continued through May 7, 2014.

20.

As a Security Guard, Mr. White was responsible for security at Fresenius Medical Care.

21.

Although classified as an independent contractor, EPAI's treatment of Mr. White paints a much different picture.

22.

EPAI controlled the time, manner and place of Mr. White's employment.

23.

Mr. White worked from 4:30 a.m. to 8:30 p.m., three (3) days a week and 4:30 a.m to 7:30 a.m. two (2) days a week, without a lunch or break. EPAI set the schedule, dictating the hours worked and the days worked. Moreover, Mr. White

was required to work precisely these hours otherwise he is reprimanded.

24.

Mr. White's job duties included, but were not limited to: providing security, ensuring that the facility grounds are in and the patients are provided a safe environment, *etc*.

25.

In performing these duties, Mr. White was explicitly instructed by EPAI in the manner in which to perform them.  EPAI dictated how to perform these duties, identifying the areas that are the most problematic, dictating the areas that required to be patrolled, dictating how Mr. White was to make his security checks, the frequency of the security checks, *etc*.

26.

In performing the functions of his job, EPAI directed the type of uniform Mr. White was required to wear and provided him with the necessary equipment for his job.

27.

EPAI exercised substantial control over the manner in which Mr. White performed his work as a security guard.

28.

EPAI set Mr. White's work schedule.

29.

EPAI instructed him on the manner in which he performed his work and told him the activities that he should engage in to secure the property.

30.

EPAI determined where on the property Mr. White should be present at a given time. Mr. White was instructed as to the order in which he performs his duties of those as a security guard in conjunction to his other duties.

31.

Mr. White's employment with EPAI spanned approximately nine (9) years and was uninterrupted and continuous.

32.

Mr. White has had almost no opportunity to work for other employers, considering that EPAI dictates that he work three (3) days a week for sixteen (16) hours a day and two (2) days a week for three (3) hours a day. Mr. White has no opportunity for loss or profit.

33.

There is no written agreement between Mr. White and EPAI setting out the

length of his work as a contractor; rather, Mr. White works at the discretion of EPAI, much like an at-will employee.

34.

Mr. White routinely worked in excess of 40 hours per week.

35.

EPAI never paid Mr. White with overtime premium compensation for hours worked in excess of 40 hours per workweek.

36.

Defendants have failed to keep accurate time records for Plaintiff, and other similarly situated employees, in conformity with the FLSA, electing to pay him only the straight time for the hours worked.

37.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

38.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

39.

This action is brought to recover unpaid compensation, in the form of

overtime wages, for Plaintiff who performed work involving interstate commerce without being paid the overtime premium for hours worked in excess of forty (40) per week.

40.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the overtime premium.

41.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay its employees the amount of pay as required by law.

42.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years.  Defendants are estopped from raising such statute of limitations as a bar to full recovery.

43.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

44.

Defendant has not made a good faith effort to comply with the FLSA.

45.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

46.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

### IV.   COUNT ONE:  CLAIM FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

47.

Mr. White repeats and re-alleges each and every paragraph set forth in paragraphs 1 to 46 as if fully set forth at length herein.

48.

EPAI repeatedly and willfully violated the provisions of §7 and §15(a)(2) of the FLSA, 29 U.S.C. § 207 and § 215(a)(2) by employing Mr. White, who

engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without fully compensating Mr. White for his employment in excess of such hours at rates not less than one and one-half times the regular rates at which he was employed.

49.

Mr. White was regularly compelled to work more than 40 hours per week but was not paid the full overtime compensation as required under the FLSA.

50.

Mr. White was not an exempt employee under the FLSA; thus, EPAI was required to pay him overtime compensation for all hours worked each week in excess of 40.

51.

The Defendants violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

52.

EPAI owes Mr. White overtime pay for work performed but not compensated in an amount to be determined in this action plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

53.

Within the preceding three years, EPAI, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. SS 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

54.

Mr. White is entitled to relief shifting the burden of proof to EPAI with regard to the amount of overtime worked due to the violation of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE** Plaintiff prays for the following relief:

1. Actual damages, including reimbursement for lost wages;
2. Future wages for loss of income;
3. Prejudgment and Post Judgment interests;
4. Liquidated damages pursuant to 29 U.S.C. 216 (b);
5. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## V. COUNT TWO: CLAIMS FOR VIOLATIONS OF THE FLSA – FAILURE TO MAINTAIN ADEQUATE RECORDS

55.

Plaintiffs incorporate by reference paragraphs 1 – 54 as if fully set forth herein.

56.

Defendants willfully failed to compensate the Plaintiff for all time worked.

57.

Defendants have failed to keep adequate records of all time worked by Plaintiff.

58.

Defendants have willfully and knowingly violated the overtime provisions of the FLSA.

**WHEREFORE** Plaintiff prays for the following relief:

Actual damages, including reimbursement for lost wages;

1. Future wages for loss of income;
2. Prejudgment and Post Judgment interests;
3. Liquidated damages pursuant to 29 U.S.C. 216 (b);
4. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 10th day of September, 2014.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**DEMELFI LAW GROUP, LLC**

/s/ Frank DeMelfi_____
Frank DeMelfi, Esq.
Georgia Bar No. 320128

4651 Woodstock Road
Suite 208-103
Roswell, Georgia 30075
Telephone:   (678) 948-7808
Facsimile:   (866) 674-7808
Email:       fdemelfi@gmail.com