IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT WHITE,

    Plaintiff,

v.

EPAI PROTECTIVE SERVICES,
LLC, and SHELTON MORELAND,

    Defendants.

CIVIL ACTION FILE

NO. 1:14-cv-2903-MHC

# DEFAULT JUDGMENT

This Fair Labor Standards Act ("FLSA") case comes before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendants EPAI Protective Services, LLC and Shelton Moreland [Doc. 9].

## I. Procedural Background

The Complaint in this action was served on both Defendants on November 20, 2014 [Doc. 6]. Pursuant to Federal Rule of Civil Procedure 12, the answers were due on December 11, 2014. Plaintiff filed a motion for entry of Clerk's default on January 14, 2015 [Doc. 8]. The Clerk entered default against both Defendants on January 15, 2015. Based on the foregoing, Plaintiff filed the present Motion for Entry of Default Judgment in the amount of $8,757.00 for

payment of overtime wages; $8,757.00 for liquidated damages; and $490.00 for filing and process server fees. Plaintiff is also requesting an award of attorneys' fees in the amount of $5,243.39.

## II.     Legal Standard

If a defendant fails to plead or otherwise defend a lawsuit within the time required by Fed. R. Civ. P. 12(a)(1)(A), upon motion, the clerk must enter default against the defendant pursuant to Fed. R. Civ. P. 55(a). A default constitutes admission of all well-pleaded factual allegations contained in the complaint, but is not considered an admission of facts that are not well-pleaded or conclusions of law. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Anheuser-Busch, Inc. v. Philpot, 317 F. 3d 1264, 1266 (11th Cir. 2003). "A motion for the Court's entry of judgment by default is not granted as a matter of right, and in fact is judicially disfavored. That is why [Rule] 55(b)(2) vests the Court with judicial discretion in determining whether the judgment should be entered." Patray v. Nw. Publ'g, Inc., 931 F. Supp. 865, 868 (S.D. Ga. 1996) (internal footnote and citation omitted). The Eleventh Circuit has instructed that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations" and that courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his

2

day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

A default judgment may be entered by the court only if the well-pleaded factual allegations of the complaint, which are deemed admitted by reason of default, provide a sufficient legal basis for such entry. Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").[1] "The court must therefore examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to an entry of judgment by default." Fidelity & Deposit Co. of Md. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that the pleading standard of Rule 8 of the Federal Rules of Civil Procedure:

---

[1] The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit handed down before October 1, 1981, unless Eleventh Circuit en banc or Supreme Court decisions subsequently have considered the issue. Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982); Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted). "This analysis is equally applicable to a motion for default judgment." Edenfield v. Crib 4 Life, Inc., No. 6:13-CV-319-Orl-36KRS, 2014 U.S. Dist. LEXIS 46822, at *3 (M.D. Fla. Mar. 10, 2014) (citing De Lotta v. Dezenzo's Italian Rest., Inc., No. 6:08-CV-2033-Orl-22KRS, 2009 U.S. Dist. LEXIS 110257 (M.D. Fla. Nov. 24, 2009)).

### III. ANALYSIS

Having thoroughly reviewed the record in the above-styled case, the Court finds as follows:

- Counsel for Plaintiff has filed an Affidavit in support of Plaintiff's Motion for Entry of Default Judgment, which establishes that Defendants have not responded to the complaint within the time allowed by Rule 12 of the Federal Rules of Civil Procedure. Affidavit of Christopher Vaughn dated February 5, 2015 [Doc. 9-1].

- The Clerk has made an entry of default as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

- Through well-pleaded factual allegations in his Complaint, which are deemed admitted by reason of default, Plaintiff has provided a sufficient legal basis for entry of default judgment on his claim alleging that Defendant violated of the Fair Labor Standards Act by failing to pay Plaintiff overtime wages to which he was entitled.

- Plaintiff's damages are for a sum certain or a sum that can be made certain by computation and counsel for Plaintiff has established the amount of such damages to be $9,828.00 for payment of overtime wages and $9,828.00 for liquidated damages.[2]

- Plaintiff alleges to have incurred $5,243.39 in attorneys' fees and $490.00 for filing and process server fees that he is entitled to recover under 29 U.S.C. § 216(b), but Plaintiff's counsel has not submitted any supporting documentation of the requested fees.

---

[2] Based on the allegations in the Complaint, Plaintiff was uncompensated for 14 hours of overtime premium of $4.50 for 156 weeks. See Compl. ¶¶ 23, 32. The Court calculates that amount to be $9,828, not the $8,757 requested in Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons the Court hereby **GRANTS** Plaintiff's Motion for Entry of Default Judgment against EPAI Protective Services, LLC and Shelton Moreland [Doc. 9].

The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff, Robert White, and against Defendants EPAI Protective Services, LLC and Shelton Moreland in the amount of $19,656.00 and close this case.

Counsel for Plaintiff shall file an affidavit and supporting documentation of the requested award of $5,243.39 in attorney fees and $490.00 for filing and process server fees on or before May 1, 2015. The Court will consider and award those fees, if appropriate.

**IT IS SO ORDERED** this 16th day of April, 2015.

_____
MARK H. COHEN
United States District Judge